UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HAROLD BURROUGHS, JR.,

                                        Petitioner,

   v.
                                                                                      9:13-CV-1505
                                                                                      (TJM/ATB)

THOMAS GRIFFIN,

                                        Respondent.

---

HAROLD BURROUGHS, JR., Petitioner pro se
ALYSON J. GILL, Asst. Attorney General for Respondent

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

      Presently before the court is petitioner Harold Burroughs, Jr.'s motion to stay this action. Dkt. No. 9, Motion to Stay. In his motion, petitioner explains that on April 10, 2014, the Appellate Division denied a state writ of error coram nobis application, and that he is waiting for a decision from the New York Court of Appeals on his pending application for leave to appeal. *Id.* at 1. He also states that if his leave application is denied, he will ask that the claims raised in his coram nobis application be "consolidate[d]" into his pending habeas petition. *Id.*

      When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stays should be granted only in limited circumstances and only if the petitioner can show (1) "good cause" for failing to "exhaust his claims first in

state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277-78.

Petitioner has not identified what claims the claims he raised in his writ of error coram nobis.[1] But petitioner's statement that he intends to add the claims to his habeas petition suggests that they are different from those in his original petition. Therefore, the original petition does not appear to be "mixed" with respect to the claims contained in the coram nobis application, and granting a stay is inappropriate. *Rhines*, 544 U.S. at 277; *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362 at *1 (W.D.N.Y. Sept. 17, 2008); *Hall v. Conway*, No. 6:04-CV-6011, 2008 WL 2559371 at *1 (W.D.N.Y. Jun. 23, 2008). Petitioner's motion to stay is denied.

If petitioner intends to amend his habeas petition to include the claims raised in his coram nobis application, he must file a motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7.1 within thirty (30) days of the filing date of this Decision and Order. The motion to amend must also attach a complete proposed amended petition that raises both the claims now raised in his pending petition and the two new claims that petitioner wants to add. *See* Local Rule 7.1(a)(4) ("A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supercede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the

---

[1] Under New York Law, the writ of error coram nobis is properly used only to litigate claims that appellate counsel was ineffective. *Hust v. Costello*, 329 F. Supp. 2d 377, 379 (E.D.N.Y. 2004); *Garcia v. Scully*, 907 F. Supp. 700, 706-707 (S.D.N.Y. 1995); *People v. Bachert*, 69 N.Y.2d 593, 598-99 (1987).

2

proposed amended pleading by reference."). Any amended petition must also fully satisfy Rule 2 of the Rules Governing Habeas Corpus Proceedings, which provides:

> (c) Form. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten, and
> (5) signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2 of the Rules Governing Habeas Corpus Proceedings in the United States District Courts. Petitioner must also address whether his amended petition is timely, and, if it is not, he should address the "relation back" requirement of Rule 15(c) of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Additionally, if the New York Court of Appeals has not acted, and petitioner's claims remain unexhausted when petitioner moves to amend his petition, he must re-file his motion for a stay at the same time that he files his motion to amend. In any renewed motion to stay, petitioner must clearly set forth (1) that there is "good cause" for his failure to exhaust the claims in state court prior to filing his habeas petition; (2) that his unexhausted claims are not "plainly meritless"; and (3) that there is no indication that he deliberately engaged in "dilatory tactics." *Rhines*, 544 U.S. at 277.

**WHEREFORE**, it is

**ORDERED** that petitioner's letter motion to stay this action (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that if petitioner wants add the claims contained in his coram nobis application to his petition, he must file and serve upon the respondent a motion to amend his

3

original petition, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7.1, within thirty (30) days of the filing date of this Decision and Order. Petitioner must attach a proposed amended petition setting forth all of the claims that he wants this court to consider, including the claims now raised in the petition and the new claims petitioner wants to add to the petition. Petitioner must also demonstrate either that his proposed amended petition is timely, or that it "relates back" to his original petition (Dkt. No. 1); and it is further

**ORDERED** that the Clerk is directed to send petitioner a blank section 2254 habeas petition which he should use for his proposed amended petition; and it is further

**ORDERED** that if petitioner adds any new, unexhausted claims to his amended petition, he must concurrently re-file and serve upon respondent a motion to stay within thirty (30) days of the filing date of this Decision and Order. Any renewed motion to stay must set forth: (1) that there is "good cause" for his failure to exhaust the new, unexhausted claims in state court prior to filing his habeas petition; (2) that his unexhausted claim is not "plainly meritless"; and (3) that there is no indication that he deliberately engaged in "dilatory tactics." *Rhines*, 544 U.S. at 277; and it is further

**ORDERED**, that upon filing by petitioner of any motion to amend his petition, and/or any renewed motion to stay his petition, the Clerk is directed to return the file to the court for further review; and it is further

**ORDERED** that respondent shall not be required to file and serve an answer and memorandum of law relating to the original petition (Dkt. No. 1) until further order by this court; and it is

**ORDERED** that the Clerk serve a copy of this decision and order upon the parties in

accordance with the Local Rules.

Dated: April 30, 2014

                                                    Hon. Andrew T. Baxter
                                                    U.S. Magistrate Judge