UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

HAROLD BURROUGHS, JR.,

                        Petitioner,

        v.
                                                9:13-CV-1505
                                                (TJM/ATB)
THOMAS GRIFFIN,

                        Respondent.

─────────────────────────────────────

APPEARANCES:

HAROLD BURROUGHS, JR.
08-A-4423
Petitioner pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. ERIC T. SCHNEIDERMAN            ALYSON J. GILL, AAG
New York State Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

ANDREW T. BAXTER
United States Magistrate Judge

### DECISION and ORDER

        Petitioner Harold Burroughs, Jr. moved to amend his petition for a writ of habeas

corpus, and to stay his petition pending a decision from the New York Court of Appeals on

his application for leave to appeal the denial of his state court application for a writ of error

coram nobis.  Dkt. No. 11, Motion to Amend; Dkt. No. 11-1, Proposed Amended Petition; Dkt.

No. 12, Motion to Stay.  Respondent has not opposed the motions.  For the reasons that

follow, petitioner's motion to amend is granted, and his motion to stay is denied.

        In his motion to amend, petitioner explains that in June 2013, he presented the claims

alleged in proposed grounds two, three and four of his proposed amended petition (alleging a Rosario/Brady violation and ineffective assistance of trial counsel) in a motion to vacate his conviction. Dkt. No. 11, Motion to Amend at 1-2. He states that the motion was denied on August 5, 2013, and that the Appellate Division denied leave to appeal on October 5, 2013. *Id.* Petitioner states that he did not include proposed grounds two, three and four in his original petition because the judge who denied his motion to vacate stated those claims "should have been raised" in his direct appeal. *Id.* at 2. Petitioner further states that he did not think he had time to file a state writ of error coram nobis to exhaust his appellate counsel ineffectiveness claim, raised in ground one of the proposed amended petition, before AEDPA's one-year statute of limitations expired. *Id.* at 2. Finally, petitioner states that grounds five, six and seven of his proposed amended petition were pleaded in his original petition. *Id.* According to petitioner, his amended petition is timely because his claims are based on "newly discovered evidence."[1]

Based upon petitioner's submissions, his motion to amend is granted. Petitioner's proposed amended petition will be docketed as his amended petition.

Petitioner's motion to stay the amended petition is, however, denied. As the court noted in its April 30, 2014 Decision and Order, a district court may dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims, or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stays should be granted only in limited circumstances

---

[1] On December 12, 2013, petitioner was directed to file an affirmation in which he explained why the statute of limitations should not bar his original petition. Dkt. No. 2, Decision and Order. Petitioner filed the required affirmation, dated December 26, 2013, in which he asserted that his claims are based upon newly discovered evidence that he did not obtain until September 5, 2012. Dkt. No. 3, Affirmation. On January 3, 2014, the court declined to dismiss the petition as untimely and directed a response. Dkt. No. 4, Decision and Order, McAvoy, J.

and only if the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277-78.

Petitioner has failed to allege or establish good cause for his failure to exhaust his appellate counsel claim prior to bringing his federal habeas petition. His apparent argument that he is proceeding pro se is insufficient to establish cause. "[I]nadvertent failure" to exhaust claims based upon a pro se petitioner's ignorance of the law does not justify excusing petitioner's failure to comply with the rules governing habeas petitions. *McCrae v. Artus*, No. 1:10-CV-2988, 2012 WL 3800840 at *10 (E.D.N.Y. Sept. 2, 2012); *see Ramdeo v. Phillips*, No. 1:04-CV-1989469, 2006 WL 297462 at *7 (E.D.N.Y. Feb. 8, 2006) (no good cause shown where the petitioner admitted the "failure to exhaust is attributable to his own ignorance of the law, and was therefore inadvertent and entirely in good faith."). Accordingly, petitioner's motion to stay is denied.[2]

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to amend his petition, Dkt. No. 11, is **GRANTED**. The Clerk shall docket petitioner's Proposed Amended Petition, Dkt. No. 11-1, as an Amended Petition; and it is further

**ORDERED** that petitioner's motion to stay, Dkt. No. 12, is **DENIED**; and it is further

**ORDERED** that the respondent shall file and serve an answer to the amended petition, and provide the court with the records relevant to the amended petition,[3] within sixty

---

[2] This order does not preclude petitioner from pursuing review of his claims in the state courts.

[3] The records must be arranged in chronological order, sequentially numbered, and conform with the requirements of Local Rule 72.4. Respondent is reminded that, under Local Rule 7.1 (a)(1), if memoranda contain citations to decisions exclusively reported on computerized databases, e.g. Westlaw, Lexis, copies of those decisions shall be mailed to a pro se petitioner, but no longer need to be filed with the court. N.D.N.Y. L.R. 7.1 (a)(1).

(60) days of the date of this Decision and Order; and it is further

**ORDERED** that upon the filing of respondent's answer, the Clerk shall forward the entire file in this matter to the court for further review; and it is further

**ORDERED** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367. The parties must accompany any document filed with the court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel. The court will strike any filing that does not include a proper certificate of service. Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address; **his failure to do so will result in the dismissal of this action.**

All parties must comply with Rule 7.1 of the Northern District of New York when filing motions, which are to be made returnable before the undersigned on any business day with proper allowance for notice as the Rules require. All motions will be decided on the papers without oral argument unless otherwise ordered.

Dated: July 30, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge

4